## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A., et al.**<br>**Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No.    11-3054** |
| **SMITH TANK & STEEL, INC.,**<br>**Defendant** | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is an objection[1] to the U.S. Magistrate Judge's order[2] granting leave to conduct discovery on the issue of whether venue is proper in this district filed by Defendant, Smith Tank & Steel, Inc. ("Smith Tank").  Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("NUFIC"), opposes Smith Tank's objection.[3]  Having carefully reviewed the parties' memoranda, the record, and the applicable law, the Court **OVERRULES** Smith Tank's objection.

### *Background*

According to the allegations set forth in NUFIC's pleadings, this case arises out of a contract for the construction of steel storage tanks.[4]  LBC Baton Rouge, LLC ("LBC"), and

---

[1] R. Doc. 58.  Smith Tank has also filed a reply memorandum.  *See* R. Doc. 67.

[2] R. Doc. 57.

[3] R. Doc. 64.

[4] R. Docs. 1 and 8.

1

Smith Tank contracted for Smith Tank to build four tanks at LBC's facility in Sunshine, Louisiana, in exchange for $3,495,404.[5]  The tanks were built with internal floating roofs designed to prevent evaporation and fume accumulation.  According to the pleadings, on December 13, 2010, LBC discovered damage to one of the floating roofs allegedly caused by a defect in the design or manufacture of the tank.  LBC has spent at least $712,615 to repair the tank and also has suffered damages from loss of the tank's use in the amount of $316,240.  NUFIC insures LBC under an Energy Policy – Property All Risk Insurance policy (the "policy").  NUFIC has made some payments to LBC pursuant to the policy for those costs and damages.

On December 13, 2011, exactly one year after LBC allegedly discovered the damage, NUFIC filed the present action as LBC's subrogee.  NUFIC asserts claims against Smith Tank for breach of contract and redhibition under Louisiana law.  This Court's subject matter jurisdiction is predicated on diversity because the parties are completely diverse[6] and the amount in controversy, exclusive of costs and interest, exceeds $75,000.  28 U.S.C. § 1332.

It appears that NUFIC's intent was to file this action in the Middle District of Louisiana, where the contract was performed and where Smith Tank has its principal place of business.  Indeed, the caption on the original complaint is "UNITED STATES DISTRICT

---

[5] LBC was named in NUFIC's original complaint.  R. Doc. 1 at p. 1.  NUFIC later filed an amended complaint deleting the reference to LBC.  R. Doc. 8 at p. 1.

[6] NUFIC is incorporated under the laws of Pennsylvania and has its principal place of business in New York.  R. Doc. 1 at p. 1.  Smith Tank is incorporated under the laws of Louisiana and has its principal place of business in Ascension Parish, which is located in the Middle District of Louisiana.  R. Docs. 1 at p. 2 and 37-1 at p. 1.

COURT MIDDLE DISTRICT OF LOUISIANA."[7]  The complaint was actually filed in the Eastern District of Louisiana.  NUFIC filed a second, identical civil action[8] in the Middle District of Louisiana on December 14, 2011 – one year and one day after discovering the purported defect.[9]  NUFIC filed an amended complaint in this action on March 9, 2012, alleging that venue is proper under 28 U.S.C. § 1391(c), *amended by* Pub. L. No. 112-63.[10]

On April 24, 2012, Smith Tank filed a Rule 12(b)(3) motion to dismiss for improper venue, contending that the only proper venue is the Middle District of Louisiana.[11]  NUFIC opposed the motion and urged the Court to refrain from ruling on Smith Tank's motion to dismiss in order to permit NUFIC to conduct discovery as to Smith Tank's contacts with this

---

[7] R. Doc. 1 at p. 1.

[8] *See National Union Fire Ins. Co. of Pittsburgh, PA v. Smith Tank & Steel, Inc.*, Civ. Action No. 11-830 (M.D. La).

[9] The prescriptive period for a redhibition claim is one year from the date of discovery of the defect.  La. Civ. Code art. 2534(A)(1) & (B).

[10] Section 1391 was modified by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("FCJVCA"). Pub. L. No. 112-63, 125 Stat. 758.  These changes, however, apply only to actions commenced on or after January 6, 2012.  *See id.* § 205, 125 Stat. at 764.  Because this diversity action commenced on December 13, 2011, the 2011 version of Section 1391 remains applicable.  The relevant subsection (c), which was recodified by the FCJVCA in a slightly amended form at 28 U.S.C. § 1391(d), provides:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. 1391(c) (2011).

[11] R. Doc. 28. The motion also sought dismissal of NUFIC's redhibition claim for having prescribed, either pursuant to Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure.

3

district.[12]  Simultaneously, NUFIC sent requests for discovery to Smith Tank regarding its contacts with this district.  Smith Tank filed a reply memorandum in support of its motion to dismiss, to which it attached a declaration pursuant to 28 U.S.C. § 1746 by its Chief Financial Officer, David Hubbard (the "Hubbard Declaration").[13]  According to the Hubbard Declaration, between 2007 and 2011 Smith Tank "contracted on average with less than 10 Eastern District customers per year" and "derived approximately $17 million in average annual revenue" from those transactions.[14]  The Declaration also states that Smith Tank has no offices, officers or directors, permanent employees, files or records, or real property in the Eastern District of Louisiana.  The Court took the motion to dismiss under submission.

Later, Smith Tank responded to the interrogatories and requests for production by noting its objections to inquiries regarding its contacts with this district.  Dissatisfied with Smith Tank's responses, NUFIC filed a motion to compel Smith Tank to respond to NUFIC's propounded discovery, or in the alternative, for leave to conduct discovery regarding venue.[15]  On the same day, Smith Tank filed a motion for protective order from further discovery.[16]

U.S. Magistrate Judge Roby heard oral argument[17] from the parties regarding these

---

[12] R. Doc. 32.

[13] R. Doc. 37-1.

[14] R. Doc. 37-1.

[15] R. Doc. 39.

[16] R. Doc. 40.

[17] R. Doc. 55.

motions[18] and issued an order[19] denying Smith Tank's motion for a protective order and granting NUFIC's motion for discovery regarding venue, but denying all other relief. The Magistrate Judge held that (1) it was appropriate to consider the Hubbard Declaration in deciding whether NUFIC stated a *prima facie* case for venue warranting discovery, and (2) the $17,000,000 in average annual revenue that Smith Tank derives from doing business in this district "clearly entitles NUFIC to conduct further discovery as to whether such revenue in fact establishes the existence of venue here."[20]

Smith Tank now objects to the Magistrate Judge's order. Smith Tank contends that the Magistrate Judge clearly erred by (1) considering the Hubbard Declaration, instead of limiting the question solely to whether NUFIC's pleadings alone stated a *prima facie* case for venue in this district, and (2) permitting additional discovery when the Hubbard Declaration purportedly provides enough facts to grant the motion to dismiss for improper venue.

### Law and Analysis

A U.S. Magistrate Judge may hear and resolve many pre-trial matters pending before a U.S. District Court. See 28 U.S.C. § 636(b)(1). If a party disagrees with the U.S. Magistrate Judge's decision, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); LR 72.2. As another section of this court succinctly summarized:

Under this standard, factual findings are reviewed for clear error, which is

---

[18] R. Docs. 39 and 40.

[19] R. Doc. 58.

[20] R. Doc. 57 at p. 9.

> present when the reviewing court upon examination of the entire evidence is left with the definite and firm conviction that a mistake has been committed. Conclusions of law should be overturned when the magistrate fails to apply or misapplies relevant statutes, case law or rules of procedure. For issues that are committed by law to a judge's discretion, such as the resolution of discovery disputes, the magistrate's rulings are reviewed for abuse of discretion.

*Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, 2008 WL 4724390, at *2 (E.D. La. Oct. 24, 2008) (Berrigan, J.) (citations and quotation marks omitted). The Court has reviewed the record, the Magistrate Judge's order, and the parties' memoranda, and finds no error, let alone clear error.

First, Magistrate Judge Roby correctly considered all competent evidence in the record, including the Hubbard Declaration. In *Bonvillain*, the case on which Smith Tank primarily relies in urging its objection, another section of this court stated that "discovery is inappropriate when the plaintiff fails to present a *prima facie* case of personal jurisdiction." *Bonvillain v. La. Land & Exploration Co.*, 702 F.Supp.2d 667, 686 (E.D. La. 2010), *aff'd*, 431 Fed. App'x 319 (5th Cir. June 28, 2011). However, nowhere did the *Bonvillain* Court state that a plaintiff cannot make its *prima facie* case by referring to evidence already in the record. NUFIC's motion to compel specifically referenced and quoted the substance of the Hubbard Declaration.[21] Whatever NUFIC's burden might be in the abstract, at the time the Magistrate Judge issued her ruling, the record included more than just NUFIC's pleadings. Smith Tank cites no authority whatsoever for the proposition that a court must ignore competent and relevant record evidence simply because it has not yet been incorporated into the complaint as a factual allegation. It would be pointless formalism to require NUFIC to seek leave to amend its complaint to allege facts already put

---

[21] *See* R. Doc. 39-1 at p. 5.

6

into the record by Smith Tank through the Hubbard Declaration.  Furthermore, the Court observes Rule 15(a)(2) instructs that leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a).  Even if NUFIC were required to seek leave to amend its complaint to include the facts set forth in the Hubbard Declaration, the Court likely would exercise its discretion to grant NUFIC leave to amend because justice would so require under these circumstances.  Indeed, the *Bonvillain* Court granted plaintiff therein leave to amend other deficiencies that the court had identified.  *Bonvillain*, 702 F.Supp.2d at 686-87.

Second, Magistrate Judge Roby correctly held that NUFIC is entitled to discovery relevant to Smith Tank's contacts with the Eastern District of Louisiana.  The Hubbard Declaration states that Smith Tank derived on average $17,000,000 in revenue for the years 2007 through 2011 from projects in this district.  Bearing in mind that the Magistrate Judge ruled on a motion for discovery and not a motion on the merits, this Court finds no error.  That Tank Smith derives such revenue from this district suggests a non-trivial degree of contact with this district.  Smith Tank has not chosen to declare what proportion of its revenue comes from its activities in the Eastern District of Louisiana.  NUFIC is entitled to discovery to rebut, flesh out, or otherwise place that figure in context.  Accordingly, Smith Tank's objection is **OVERRULED** and the Magistrate Judge's order is affirmed in all respects.

The Court expresses no opinion as to whether venue ultimately will lie in this district, but NUFIC is entitled to relevant discovery before the matter is decided.  In addition, such discovery will likely result in further briefing regarding Smith Tank's motion to dismiss for

improper venue.  As a result, the motion to dismiss[22] is **DENIED** without prejudice and with leave to re-urge at a later date.

### *Conclusion*

**IT IS ORDERED** that Smith Tank's objection[23] to the U.S. Magistrate's order is **OVERRULED.**

**IT IS FURTHER ORDERED** that Smith Tank's motion to dismiss[24] is **DENIED WITHOUT PREJUDICE**, with leave to re-urge after sufficient time for discovery.

**New Orleans, Louisiana, this _27th_ day of March, 2013.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[22] R. Doc. 28.

[23] R. Doc. 58.

[24] R. Doc. 28.

8